**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

ALFRED HALL                                                    CIVIL ACTION NO. 07-1233

VERSUS                                                         JUDGE S. MAURICE HICKS, JR.

SEARS ROEBUCK & CO.                                            MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 25(a), or, in the Alternative, Motion to Extend Deadlines (Record Document 19) filed by Defendant Sears Roebuck & Co. ("Sears"). To date, the motion is unopposed. For the reasons which follow, the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 25(a) is **GRANTED**.

**I.     BACKGROUND.**

On July 30, 2007, Plaintiff Alfred Hall ("Hall") filed suit against Sears, his former employer, claiming that Sears discriminated against him because of his race and age, in violation of Title VII and the Age Discrimination in Employment Act. See Record Document 1. Sears answered the suit on September 28, 2007. See Record Document 3. The parties were actively engaged in discovery when Hall died on March 12, 2008. The parties had exchanged Initial Disclosures and Sears had propounded written discovery on January 22, 2008. Hall did not answer the written discovery prior to his death. Hall's deposition had been noticed for April 2, 2008, but obviously did not go forward due to his death. There has been no discovery in this case since Hall's death.

On April 25, 2008, Sears filed a suggestion of death, entitled Written Notice Regarding the Death of Plaintiff, pursuant to Fed. R. Civ. P. 25(a)(1). See Record

Document 18. The Notice stated:

> Defendant Sears, Roebuck and Co. ("Sears") submits this written notice concerning the death of Plaintiff Alfred Hall pursuant to Federal Rules of Civil Procedure 5(a)(1). Accordingly, the Court and all parties are on notice that Plaintiff Alfred Hall died on or about March 12, 2008. Further, Sears has been notified that the non-party representatives of the deceased waive service of this notice under Fed.R.Civ.P. 4.
>
> **WHEREFORE**, Defendant Sears, Roebuck and Co. respectfully gives written notice of the death of the Plaintiff, Alfred Hall.

Id. Hall had previously waived service; however, the Notice was served on Hall's counsel via CM/ECF, the electronic filing system. See Record Documents 2 & 18. Ninety days have passed since Sears filed the Notice. No motion for substitution was filed within the ninety day period. Thus, on July 25, 2008, Sears filed the instant Motion to Dismiss seeking dismissal pursuant to Rule 25(a)(1).

## II. LAW AND ANALYSIS.

Rule 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

F.R.C.P. 25(a)(1). The rule does not require that the suggestion of death identify the successor party. See Ray v. Koester, No. 03-50513, 2004 WL 96780, *2 (5th Cir. Jan. 21, 2004).

Counsel for Hall has not filed any pleading which would address the obligation under Rule 25(a)(1) since the filing of the suggestion of death.

In Yazdchi v. American Honda Finance Corp., No. 05-0737, 2006 WL 2456495, *1 (N.D .Tex. Aug. 23, 2006), the court granted defendants' joint motion to dismiss with

prejudice because no motion for substitution was timely filed. See id. at *3. The court noted that while Rule 25(a)(1) is couched in mandatory terms, the Advisory Committee notes suggest that the ninety day period may be extended pursuant to Federal Rule of Civil Procedure 6(b), which allows a extension in cases of excusable neglect. See id. at *3, n. 2, citing Continental Bank N .A. v. Meyer, 10 F.3d 1293 (7th Cir. 1993).

Here, no motion for substitution has been filed. Further, there has been no motion for enlargement of the ninety day period and no showing of excusable neglect. Accordingly, this matter should be dismissed with prejudice pursuant to Rule 25 of the Federal Rules of Civil Procedure. See Ray, 2004 WL 96780, *1-2 (upholding district court's decision to dismiss for failure to timely file a Motion for Substitution within ninety days after the service of the suggestion of death and plaintiff's failure to reply to a motion to dismiss).

### III. CONCLUSION.

For the reasons stated above, the Court finds that the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 25(a), or, in the Alternative, Motion to Extend Deadlines (Record Document 19) filed by Sears should be **GRANTED**. The claims brought against Sears are **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to close this case.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 11th day of August, 2008.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE