**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| ALFRED HALL | CIVIL ACTION NO. 07-1233 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SEARS ROEBUCK & CO. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Motion for Reconsideration and for Leave to File Amended Complaint (Record Document 23) filed by Nora Hall, the Administratrix of the estate of Alfred Hall. The motion is opposed by the defendant, Sears, Roebuck and Co. ("Sears"). See Record Document 25. For the reasons which follow, the Motion for Reconsideration and for Leave to File Amended Complaint is **GRANTED**.

**I.      BACKGROUND.**

On July 30, 2007, Alfred Hall filed suit against Sears, his former employer, claiming that Sears discriminated against him because of his race and age, in violation of Title VII and the Age Discrimination in Employment Act. See Record Document 1. Sears answered the suit on September 28, 2007. See Record Document 3. The parties were actively engaged in discovery when Alfred Hall died on March 12, 2008. There has been no discovery in this case since Alfred Hall's death.

On April 25, 2008, Sears filed a suggestion of death, entitled Written Notice Regarding the Death of Plaintiff, pursuant to Fed. R. Civ. P. 25(a)(1). See Record Document 18. The Notice stated:

> Defendant Sears, Roebuck and Co. ("Sears") submits this written notice concerning the death of Plaintiff Alfred Hall pursuant to Federal Rules of Civil Procedure 5(a)(1). Accordingly, the Court and all parties are on notice that Plaintiff Alfred Hall died on or about March 12, 2008. Further,

> Sears has been notified that the non-party representatives of the deceased waive service of this notice under Fed.R.Civ.P. 4.
> **WHEREFORE**, Defendant Sears, Roebuck and Co. respectfully gives written notice of the death of the Plaintiff, Alfred Hall.

Id. The Notice was served on Alfred Hall's counsel via CM/ECF. See Record Documents 2 & 18. Ninety days passed and no motion for substitution was filed. On July 25, 2008, Sears filed a Motion to Dismiss seeking dismissal pursuant to Rule 25(a)(1), which provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

F.R.C.P. 25(a)(1); see also Record Document 19.

On August 11, 2008, the Court granted the Motion to Dismiss and dismissed with prejudice Alfred Hall's claims against Sears. See Record Document 21. Specifically, the Court noted that counsel for Alfred Hall had not filed any pleading addressing the obligation under Rule 25(a)(1), had not filed a motion for substitution, had not filed a motion for enlargement of the ninety day period, and had made no showing of excusable neglect. See id.

On August 25, 2008, Nora Hall filed the instant Motion for Reconsideration and Motion for Leave to File Amended Complaint. See Record Document 23. Counsel for Nora Hall conceded that no motion to substitute and no opposition to the Motion to Dismiss were filed. See id. However, reconsideration was requested on the grounds of counsel's excusable neglect. See id. Sears filed opposition to the Motion for Reconsideration, arguing that counsel for Nora Hall failed to prove excusable neglect or a fair probability of

success on the merits if the judgment was set aside. See Record Document 25.

**II.  LAW AND ANALYSIS.**

    **A.  Federal Rule of Civil Procedure 60(b) Standard.**

Federal Rule of Civil Procedure 60(b)(1) governs the motion currently before the Court, as counsel for Nora Hall seeks reconsideration on the grounds of excusable neglect. Rule 60(b)(1) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or ***excusable neglect*** . . . .

F.R.C.P. 60(b)(1) (emphasis added). Rule 60(b) defines the circumstances under which relief may be obtained from the operation of final judgments, whether they are entered by default or otherwise. See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981). The rule seeks a balance between "the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" Id.

District courts possess a great deal of discretion in deciding whether a moving party has proven excusable neglect under Rule 60(b)(1). See Am. Totalisator Co., Inc. v. Fair Grounds Corp., 3 F.3d 810, 815 (5th Cir. 1993). In the context of a Rule 60(b)(1) motion, the Fifth Circuit has reasoned:

> Denial of a Rule 60(b) motion to set aside a dismissal under clause (1) is not an abuse of discretion when the proffered justification for relief is the "inadvertent mistake" of counsel. Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief. A party has a duty of diligence to inquire about the status of a case; Rule 60(b) relief will only be afforded in "unique circumstances." In fact, a court would

abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court.

Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 356 -357 (5th Cir. 1993).[1]

---

[1] Relying on Blakely v. Fidelity Nat'l Prop. Cas. Co., No. 06-4607, 2008 WL 482731 (E.D. La. February 19, 2008), Sears contends that "in order to obtain relief under Rule 60(b), Plaintiff must show that the failure to respond to Sears' motion to dismiss 'resulted from justifiable neglect and that a fair probability of success on the merits existed if the judgment were to be set aside.'" Record Document 25 at 4. This Court has reviewed both Blakely and Fed. Sav. & Loan Ins. Corp. v. Kroenke, 858 F.2d 1067 (5th Cir. 1988), the case upon which the Blakely court relied, and concludes that the aforementioned legal standard is not applicable to the instant case.

Blakely addressed a Rule 60(b) motion seeking relief from a judgment entered as a result of an unopposed motion for summary judgment. See Blakely, 2008 WL 482731, *1. Conversely, the Kroenke case dealt with a Rule 60(b) motion attempting to set aside a default judgment and further discussed the interplay between Rule 55(c) and Rule 60(b). See Kroenke, 858 F.2d 1067, 1069-1070. Specifically, the Kroenke court stated:

> Rule 60(b) permits relief for mistake, inadvertence, surprise, or excusable neglect, among other reasons. To merit relief, a party must show that its failure to file a timely answer or otherwise defend resulted from justifiable neglect and that a fair probability of success on the merits existed if the judgment were to be set aside. One 1978 Piper Navajo, 748 F.2d at 318-19. Courts generally look at three factors **in ruling on a motion to set aside a default judgment under Rule 60(b)(1)**: (1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of the defendant's conduct.

Id. (emphasis added). This Court notes that One 1978 Piper Navajo is also a case involving a Rule 60(b) motion seeking relief from a default judgment. See U.S. v. One 1978 Piper Navajo PA-31 Aircraft, 748 F.2d 316, 317 (5th Cir. 1984).

The Court finds that the legal standard encompassing both excusable/justifiable neglect and a fair probability of success on the merits is more properly applied in the context of Rule 60(b) motions seeking relief from default judgments and should not be extended to other cases. Accordingly, such legal standard should not be applied in the instant case.

### B. Application to the Instant Case.

Again, counsel for Nora Hall maintains that her failure to file a Motion to Amend the Complaint and oppose the Motion to Dismiss were due to excusable neglect. See Record Document 23-2 at 1-2. She stated that she met with Alfred Hall's family after his death, explaining the difficulty of proceeding with the case absent the decedent's testimony and requesting information from his estate regarding how the family wished to proceed. See id. at 2. She then identified "three critical events" that occurred shortly after her meeting with Alfred Hall's family:

1. counsel's legal assistant at the time was diagnosed with breast cancer and had to take leave, ultimately resign and be replaced with a new legal assistant;

2. counsel's grandmother died, causing her to be out of her office to deal with family matters such as the funeral and to care for her own parents; and

3. counsel's firm moved its offices, causing the crash of her computer and telephone system for several days and resulting in many bounced back emails.

Id. Counsel for Nora Hall argues that these events "contributed to her failure to file a Motion to Amend the Complaint to substitute the proper party plaintiff and to oppose the Motion to Dismiss." Id.

Counsel further notes that the Motion to Dismiss was filed July 25, 2008, the day that her office moved and her email service crashed. See id. The Court also observed that the Clerk's Office issued the Notice of Motion Setting establishing briefing deadlines for the Motion to Dismiss on July 25, 2008, and that counsel for Sears emailed counsel for Nora Hall on July 25, 2008, advising that the Motion to Dismiss was going to be filed. See Record Document 20; Record Document 25, Exhibit A.

"Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for Rule 60(b)(1) relief." See Pryor v. U.S. Postal Service, 769 F.2d 281, 287 (5th Cir.1985); see also Bohlin, 6 F.3d at 357. Further, there is no dispute that counsel for Nora Hall had "a duty of diligence to inquire about the status of [the] case." Pryor, 769 F.2d at 287. Yet, the Court finds that counsel has met her burden of establishing unusual and unique circumstances justifying Rule 60(b)(1) relief. See id. at 286. This is not a case where the proffered reasons justifying relief are attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rule of the court. Likewise, this is not a case where counsel simply got busy and failed to calendar a deadline. Instead, counsel has outlined three critical events that precipitated her failure to file a Motion to Amend and/or oppose the Motion to Dismiss. The most telling of these events is the July 25th moving of offices, which caused a crash of counsel's computer, telephone, and email systems. This resulted in many bounced back emails for several days. It was on this same date that the Motion to Dismiss was filed, the Clerk's Office issued the Notice of Motion Setting establishing briefing deadlines for the Motion to Dismiss, and counsel for Sears emailed counsel for Nora Hall on July 25, 2008, advising that the Motion to Dismiss was going to be filed. Each of these events standing alone may not amount to unusual and unique circumstances justifying Rule 60(b)(1) relief; however, the combination of all events and the occurrences on July 25, 2008 lead the Court to conclude that the neglect of counsel in the present case was excusable. The Motion for Reconsideration and for Leave to File Amended Complaint is granted.

## III. CONCLUSION.

Based on the foregoing, the Court finds that counsel for Nora Hall has met her

burden of establishing unusual and unique circumstances justifying relief under Rule 60(b)(1). Accordingly, the Motion for Reconsideration and for Leave to File Amended Complaint (Record Document 23) is **GRANTED**. The above captioned matter is reopened and leave is granted to file the Amended Complaint substituting Nora Hall, Administratrix of the Estate of Alfred Hall, as the Plaintiff in this matter. The matter is also referred to the Magistrate Judge for a scheduling conference in order to enter a new Scheduling Order.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 29th day of October, 2008.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE